# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1327
Lower Tribunal No. F24-12790
_____

**Saul Adam Len,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Zachary James, Judge.

Reizenstein & Associates, P.A., and Philip L. Reizenstein, for appellant.

James Uthmeier, Attorney General, and Liz Marie Feliz, Assistant Attorney General, for appellee.

Before MILLER, LOBREE and BOKOR, JJ.

BOKOR, J.

Saul Adam Len appeals from a trial court order unsealing certain court transcripts and records, including a plea colloquy and a plea agreement, that were sealed by a prior confidentiality order. We review the trial court's order unsealing the records for abuse of discretion.[1] Discerning no abuse of discretion, we affirm.

The Florida Supreme Court has explained that "'it is generally the content of the subject matter' that determines whether a privacy interest exists that might override the public's right to inspect the records." Id. at 552 (quoting in part Barron v. Fla. Freedom Newspapers, Inc., 531 So. 2d 113, 118 (Fla. 1988)). The trial court, after an evidentiary hearing, concluded that Len's purported rationale to designate the records confidential "to avoid substantial injury to innocent third parties" did not establish a privacy interest overriding the public's right to inspect the records. Barron, 531 So. 2d at 118; see also Fla. R. Gen. Prac. & Jud. Admin. 2.420(c)(9)(A) (codifying by rule the factors outlined in Barron). The trial court explicitly weighed the public's right to access records and the strong presumption of openness of court proceedings against the purported privacy interests. The trial court found that the release of the information protected by the prior confidentiality order

---

[1] See Post-Newsweek Stations, Fla. Inc. v. Doe, 612 So. 2d 549, 553 (Fla. 1992).

didn't substantially injure innocent third parties' (Len's wife and family's) privacy interests.[2]

Such an injury, to the extent it occurred or could occur, was a result of the already publicly available information. So it follows that the content of the subject matter does not present a privacy interest that overrides the public's right to the records. Post-Newsweek Stations, 612 So. 2d at 552. Concluding that the trial court did not abuse its discretion in vacating the previously entered confidentiality order by finding no applicable exception to the interests of judicial accuracy and public access, we affirm.

Affirmed.

---

[2] Additionally, to the extent relevant, the release of the records does not impact the plea agreement. Specifically, in his briefing, Len expressly states he does not seek to withdraw his plea. In any event, a review of the plea agreement does not condition the plea or Len's agreement thereto on the sealing of the records sought to be released.